UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Co-Defendant,<br>  a/k/a "Co-Defendant,"<br>  a/k/a "Co-Defendant,"<br>  a/k/a "Co-Defendant,"<br>  a/k/a "Co-Defendant,"<br><br>and<br><br>YOMI JONES OLAYEYE,<br>  a/k/a "Sabbie,"<br><br>             Defendants | Criminal No. 20cr10178<br><br>Violations:<br><br>Count One: Conspiracy to Commit Wire Fraud<br>(18 U.S.C. § 1349)<br><br>Counts Two - Three: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Counts Four - Five: Aggravated Identity Theft<br>(18 U.S.C. § 1028A)<br><br>Forfeiture Allegation:<br>(18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) &<br>28 U.S.C. § 2461) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1. Defendant Co-Defendant, a/k/a "Co-Defendant," a/k/a "Co-Defendant," a/k/a "Co-Defendant," a/k/a "Co-Defendant" ("Co-Defendant"), resided in or near Lagos, Nigeria.

2. Defendant YOMI JONES OLAYEYE, a/k/a "Sabbie" ("OLAYEYE"), resided in or near Lagos, Nigeria.

3. Coconspirator 1 ("CC1") resided in Nigeria.

4. Personally Identifiable Information ("PII") consisted of names, addresses, dates of birth, Social Security Numbers, and other means of identification of U.S. residents.

5. The Massachusetts Department of Unemployment Assistance ("Mass DUA") oversaw the state's unemployment insurance ("UI") program, which provides temporary income assistance to eligible workers in Massachusetts.

6. The Coronavirus Aid, Relief, and Economic Security Act ("the CARES Act") was a federal law intended to address the economic fallout of the COVID-19 pandemic in the United States.

7. Beginning in or about late March 2020, pursuant to the CARES Act, Mass DUA began to provide Pandemic Unemployment Assistance ("PUA"), which consisted of up to 39 weeks of unemployment benefits for individuals who were unable to work because of a COVID-19-related reason but who were not eligible for regular or extended unemployment benefits. Such individuals included self-employed workers, independent contractors, and workers with limited work history. Mass DUA also began to provide Federal Pandemic Unemployment Compensation ("FPUC"), which consisted of a temporary additional $600 per week benefit for anyone eligible for either UI or PUA.

8. Mass DUA operated a website that permitted applicants to apply online for either UI or PUA benefits (and the automatic FPUC benefit that went with each) using their PII and by providing information regarding a bank account to which Mass DUA could direct payments.

9. Through similar websites, UI agencies and departments in other states, including Hawaii, Indiana, Michigan, Pennsylvania, Montana, Maine, Ohio, and Washington, among others, also offered UI, PUA, and FPUC benefits to eligible residents in those states.

Object and Purpose of the Conspiracy and the Scheme to Defraud

10.     The object of the conspiracy and the scheme to defraud was for Co-Defendant OLAYEYE, CC1, and others known and unknown to the Grand Jury to commit wire fraud, in violation of 18 U.S.C. § 1343. The purpose of the conspiracy was for Co-Defendant OLAYEYE, CC1, and others known and unknown to the Grand Jury to profit by obtaining through fraud UI, PUA, and FPUC benefits to which they were not entitled.

Manner and Means of the Conspiracy and the Scheme to Defraud

11.     Among the manner and means by which Co-Defendant OLAYEYE, CC1, and others known and unknown to the Grand Jury carried out the conspiracy and the scheme to defraud were the following:

   a.   obtaining PII without authorization, including by purchasing it with the digital currency Bitcoin on criminal internet forums;

   b.   applying online for UI and PUA benefits using the fraudulently obtained PII and falsely representing to Mass DUA and other states' UI agencies and departments that members of the conspiracy were eligible state residents affected by the COVID-19 pandemic;

   c.   opening United States bank and prepaid debit card accounts to receive UI and PUA payments using the same fraudulently obtained PII;

   d.   making fraudulent UI and PUA applications, including by using more than 200 variations of the email address Co-Defendant@gmail.com ("the Co-Defendant Account"), such as Co-Defendant@gmail.com and Co-Defendant@gmail.com, which Mass DUA and other state agencies' systems recognized as separate email addresses, even though Google recognized them

as a single email address, enabling the coconspirators to track the fraudulent applications in a single email inbox;

    e.    recruiting U.S.-based accountholders, referred to among the coconspirators as "clients," to receive the proceeds of the fraud in their bank accounts and to send those funds to the coconspirators;

    f.    using cash transfer applications, including Movo, to transfer proceeds of the fraud from the clients' accounts to accounts controlled by the conspirators;

    g.    purchasing Bitcoin with the proceeds of the fraud over online marketplaces, including Paxful.com;

    h.    concealing the coconspirators' location in Nigeria by leasing Internet Protocol ("IP") addresses assigned to computers located in the United States for use in the fraudulent transactions.

12. In this fashion, [Co-Defendant] OLAYEYE, CC1, and others applied for at least $10,000,000 in fraudulent UI, PUA, and FPUC from Massachusetts, Hawaii, Indiana, Michigan, Pennsylvania, Montana, Maine, Ohio, and Washington, and received more than $1,500,000 million in pandemic assistance to which they were not entitled.

Acts in Furtherance of the Wire Fraud Conspiracy and Scheme to Defraud

13. From in or about March 2020 through on or about July 31, 2020, [Co-Defendant] OLAYEYE, CC1, and coconspirators known and unknown to the Grand Jury committed and caused to be committed the following acts, among others, in furtherance of the conspiracy:

    a.    On or about March 24, 2020, OLAYEYE paid $19 to lease 64.71.72.188, an IP address assigned to a computer network in the United States ("the U.S. IP Address").

b.    On or about April 27, 2020, [Co-Defendant] directed a coconspirator to have a client reset his or her bank account login so that [Co-Defendant] could log in to the client's account.

c.    Between on or about April 28, 2020 and on or about April 30, 2020, [Co-Defendant] sent CC1 thirteen variations of the [Co-Defendant] Account address by WhatsApp.

d.    On or about April 28, 2020, [Co-Defendant] sent a message to a coconspirator indicating that a client's account had more than $6,000 in it.

e.    On or about April 30, 2020, [Co-Defendant] sent a coconspirator the routing and account numbers for a client's account at First South Financial Credit Union.

f.    On or about April 30, 2020, a coconspirator forwarded [Co-Defendant] a message from a client indicating that there was only $28 in his or her "First South banking" account.

g.    On or about April 30, 2020, a coconspirator sent [Co-Defendant] a video of himself accessing Washington's UI website.

h.    On or about April 30, 2020, [Co-Defendant] sent CC1 a Bitcoin address that was later used to send Bitcoin to an account associated with an online criminal marketplace advertising PII for sale.

*Victim 1*

i.    On or about April 30, 2020, [Co-Defendant] sent CC1 the PII of a Washington resident ("Victim 1").

j.    On or about April 30, 2020, [Co-Defendant] and CC1 caused a fraudulent PUA application to be submitted to the State of Washington in the name of Victim 1, providing as the destination account for the PUA benefits a Movo account in Victim 1's name that [Co-Defendant] had

opened and controlled ("the Victim 1 Movo Account"). The fraudulent application caused Washington's Employment Security Department to deposit $4,960 in the Victim 1 Movo Account.

    k.    On or about May 17, 2020, Co-Defendant used the Victim 1 Movo Account to transfer $800 of the benefits that Washington had deposited in the Victim 1 Movo Account to a second Movo account controlled by the coconspirators.

*Victim 2*

    l.    Prior to May 12, 2020, OLAYEYE obtained the name, date of birth, Social Security Number, phone number, mother's maiden name, and email address of Victim 2, of Pocasset, Massachusetts.

    m.    On or about May 12, 2020, OLAYEYE filed a fraudulent application for PUA using the PII of Victim 2. This application caused Mass DUA to pay $7,071 to a First Century Bank account that members of the conspiracy controlled.

*Victim 3*

    n.    On or about May 16, 2020, OLAYEYE caused a fraudulent application for PUA to be filed using the U.S. IP Address and the name, date of birth, and Social Security Number of Victim 3, of Medway, Massachusetts. The application caused Mass DUA to pay $9,705 to a Navy Federal Credit Union account that members of the conspiracy controlled.

*Victim 4*

    o.    On or about May 19, 2020, Co-Defendant filed a fraudulent application for PUA with Mass DUA using the PII of Victim 4, of Ashland, Massachusetts, using a variant of the Co-Defendant Account. This application caused Mass DUA to pay $9,968 to a San Diego County Credit Union account that members of the conspiracy controlled.

6

## COUNT ONE
### Wire Fraud Conspiracy
(18 U.S.C. § 1349)

The Grand Jury charges:

14. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 13(o) of this Indictment.

15. Between on or about March 27, 2020 and on or about June 15, 2020, in the District of Massachusetts and elsewhere, the defendants,

Co-Defendant
a/k/a "Co-Defendant"
a/k/a "Co-Defendant"
a/k/a "Co-Defendant"
a/k/a "Co-Defendant"
and
YOMI JONES OLAYEYE,
a/k/a "Sabbie,"

conspired with each other, with CC1, and with others unknown to the Grand Jury to commit wire fraud, that is, having devised and intended a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, to transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
Wire Fraud
(18 U.S.C. § 1343)

The Grand Jury further charges:

16. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 13(o) of this Indictment.

17. On or about May 19, 2020, in the District of Massachusetts, and elsewhere, the defendant,



Co-Defendant,
a/k/a "Co-Defendant"
a/k/a "Co-Defendant,"
a/k/a "Co-Defendant"
a/k/a "Co-Defendant"

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing the scheme to defraud, namely an online application for PUA benefits using the name, address, and Social Security Number of Victim 4.

All in violation of Title 18, United State Code, Sections 1343 and 2.

## COUNT THREE
### Wire Fraud
### (18 U.S.C. § 1343)

The Grand Jury further charges:

18. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 13(o) of this Indictment.

19. On or about May 12, 2020, in the District of Massachusetts, and elsewhere, the defendant,

## YOMI JONES OLAYEYE,
### a/k/a "Sabbie,"

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing the scheme to defraud, namely an online application for PUA benefits using the name, address, and Social Security Number of Victim 2.

All in violation of Title 18, United State Code, Sections 1343 and 2

COUNT 4
Aggravated Identity Theft
(18 U.S.C. § 1028A)

The Grand Jury further charges:

20.  The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 13(o) of this Indictment.

21.  On or about May 19, 2020, in the District of Massachusetts, the defendant,



did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, namely, Victim 4, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count Two.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 5
### Aggravated Identity Theft
### (18 U.S.C. § 1028A)

The Grand Jury further charges:

22. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 13(o) of this Indictment.

23. On or about May 12, 2020, in the District of Massachusetts, the defendant,

**YOMI JONES OLAYEYE,**
a/k/a "Sabbie,"

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, namely, Victim 2, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count Three.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

24. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1349 and 1343, set forth in Counts One through Three, respectively, the defendants,



and
YOMI JONES OLAYEYE,
a/k/a "Sabbie,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

25. If any of the property described in Paragraph 24, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 24 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

_____
SETH B. KOSTO
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: September 1, 2020
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK